UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

COURTNEY LAMAR PARKER,               )
                                     )
                Plaintiff,           )
                                     )
        v.                           )    No. 1:23-cv-01874-TWP-CSW
                                     )
G GUGINO,                            )
IRINA PATERSON,                      )
WELLPATH LLC,                        )
                                     )
                Defendants.          )

## ORDER GRANTING MOTIONS FOR JUDGMENT ON THE PLEADINGS AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Motions for Judgment on the Pleadings filed by Defendant Wellpath LLC ("Wellpath") (Dkt. 66) and Defendants Irina Paterson ("Paterson") (Dkt. 76) and a Motion for Summary Judgment filed by Plaintiff Courtney Parker ("Parker"). Parker, who is incarcerated by the Indiana Department of Correction, alleges that he was denied food and medication when he was held at the Marion County Adult Detention Center ("ADC"). Wellpath and Patterson argue that all claims against them have been discharged in a bankruptcy proceeding. For the reasons explained in this Order the Motions for Judgment on the pleadings are **granted**, and Parker's request for summary judgment is **denied**.

## I. BACKGROUND

On October 10, 2023, Parker filed an Amended Complaint, which the Court screened and allowed Parker's claims that Wellpath and Paterson—an employee of Wellpath—violated his constitutional rights in June 2023 when she did not prescribe him medication. (Dkt. No. 14.) On November 12, 2024, Wellpath filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Southern District of Texas, in *In*

*Re: Wellpath Holdings*, Case No. 24-90563 ("Bankruptcy Case"). The Court takes judicial notice of Wellpath's Bankruptcy proceeding, which is relevant to this action.[1] Under the Bankruptcy Code, the proceedings in this case were stayed pending resolution of the Bankruptcy Case. Dkt. 53. This Court directed the parties to file periodic status updates. (Dkt. 56 at 1).

On April 22, 2025, Wellpath filed its "First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of Its Debtor Affiliates (with Technical Modifications)" in the bankruptcy case. Bankruptcy Case Dkt. 2376-1 ("the Plan"). (Dkt. 68-1). Under the Plan, among other things, all claims against Wellpath were discharged. (Dkt. 68-1 at 73). Therefore, holders of claims that were discharged were enjoined from pursuing those claims. *Id.* at 77. In addition, claims against "related parties," which included Wellpath's employees were released. *Id.* at 24, 73. Holders of claims that were discharged or released and who do not opt out of the release are enjoined from pursuing claims against Wellpath or its employees. *Id*. at 77.

The Bankruptcy Court confirmed this plan on May 1, 2025, and the Plan became effective on May 9, 2025. Bankruptcy Case Dkt. 2596, 2680.

On July 23, 2025 Parker filed a Notice and confirmed his desire to "stay opt'ed in the third-party release in the reorganization plan." (Dt. 72).

## II.  LEGAL STANDARD

After the pleadings are closed, but early enough not to delay trial, a defendant may move for judgment on the pleadings if a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of*

---

[1] The Court may take judicial notice of the Bankruptcy Court's orders, as well as filings in the bankruptcy action, without converting the motion for judgment on the pleadings into one for summary judgment. *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned.").

*Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). In reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6), we accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Anicich v. Home Depot U.S.A., Inc.*, 852 F.3d 643, 648 (7th Cir. 2017).

To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Claims that have been discharged in bankruptcy can be dismissed for failure to state a claim. *See, e.g.*, *Abercrombie v. Jack Cooper Transp. Co., Inc.*, No. 1:19-cv-503, 2020 WL 3841270, at *1 (N.D. Ind. July 8, 2020) ("Clearly, Plaintiff's claims were discharged in the bankruptcy, as further explained below, such that he fails to state a claim upon which any relief may be granted.").

### III. DISCUSSION

Wellpath argues that the claims against it in this case must be dismissed because they were discharged in the bankruptcy proceedings. Parker has not responded or otherwise objected to Wellpath's motion for judgment on the pleadings. Instead Parker filed the motion for summary judgment arguing that he is entitled to judgment as a matter of law, because these defendants filed an untimely status report regarding the bankruptcy proceedings. (Dkt. 75).

It appears that Parker concedes that his claims against Wellpath have been discharged, so Wellpath's motion for judgment on the pleadings is **granted**. Moreover, the slight delay in filing a status report does not entitle Parker to a summary judgment. Accordingly, his motion for summary judgment is **denied**.

Patterson also argues that the claims against her have also been released in the Bankruptcy proceedings. (Dkt. 76).  Parker objects to the dismissal of the claims against Patterson arguing that Patterson is an important witness to his claims, and he will need her at trial to lay a foundation for several exhibits and she has first-hand knowledge of the events in his Amended Complaint.  (Dkt. 80). In her reply, Patterson points out that "there is no caveat in the Bankruptcy Plan that allows Plaintiff to maintain his claim against Defendant Paterson because he will need to call her as a witness." (Dkt. 81).

Patterson is correct, the Federal Rules of Civil Procedure provide the mechanism required to call someone as a witness, and that witness need not be a party to the action. Moreover, whether Patterson is an important witness has no bearing on the motion for judgment on the pleadings. Her dismissal from the case as a defendant does not prevent Parker from seeking to use her as a witness if it is appropriate. Because the record from the Bankruptcy Court confirms that claims against Wellpath and its employees ( such as Patterson) that occurred before the bankruptcy petition had been discharged, Wellpath's and Patterson's motions for judgment on the pleadings must be granted. *See, e.g.*, *Abercrombie.*, 2020 WL 3841270, at *1.

### IV. CONCLUSION

For the reasons explained above, the Motions for Judgment on the Pleadings filed by Wellpath, Dkt. [66], and Paterson, Dkt. [76], are **GRANTED**. Parker's Motion for Summary judgment against Wellpath and Paterson, Dkt. [75], is **DENIED**. The **clerk shall terminate** Wellpath and Ms. Patterson as defendants. The Court will set a separate schedule for the claims that remain against Defendant G. Gugino.

**IT IS SO ORDERED.**

Date: 11/21/2025

_____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All parties registered on CM/ECF

COURTNEY LAMAR PARKER
161825
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168